# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DANIEL ALPHONSO JACOBO,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C07-4035-MWB<br>(No. CR05-4031-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION* .................................................. 2
   *A. Charges, Plea, Sentence, and Appeal* ......................... 2
   *B. Section 2255 Motion* ........................................ 3

*II. LEGAL ANALYSIS* ............................................... 3
   *A. Standards For Relief Pursuant To § 2255* ..................... 3
   *B. Preliminary Matters* ........................................ 6
   *C. Ineffective Assistance Of Counsel* ........................... 7
      1.   Applicable Standards ................................... 7
      2.   Failure to File Appeal. ................................ 9
      3.   Failure To Adequately Advise ........................... 10
   *D. Certificate Of Appealability* ................................ 13

*III. CONCLUSION* .................................................. 15

## I. INTRODUCTION

This matter comes before the court pursuant to petitioner Daniel Alphonso Jacobo's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on May 7, 2007. Jacobo claims that both attorneys who represented him at the trial level provided him with ineffective assistance of counsel. The prosecution denies that Jacobo is entitled to any relief on his claims.

### A. *Charges, Plea, Sentence, and Appeal*

On March 16, 2005, Jacobo was charged, by a one-count indictment (CR05-04031, docket no. 1), with possession of 500 grams or more of methamphetamine with intent to distribute, having previously been convicted of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (841(b)(1)(A), and 851.

Jacobo appeared before Chief United States Magistrate Judge Paul A. Zoss on March 24, 2005, for his initial appearance. *See* CR05-04031, docket no. 5. Jacobo was arraigned on March 29, 2005 and pled not guilty to the charge. *See* CR05-04031, docket no. 8.

Jacobo appeared before Judge Zoss on July 26, 2005, for a change of plea hearing, but, Judge Zoss determined that Jacobo did not, and would not, admit to an essential element of the crime as charged and, therefore, did not accept Jacobo's plea of guilty at this hearing. *See* CR05-04031, docket no. 28. The matter was rescheduled for trial and Jacobo was advised by the Court of the consequences of not pleading guilty, including the loss of the benefit of the plea agreement. *See* CR05-04013, docket no. 28.

On July 26, 2005, the attorney appointed to represent Jacobo filed a Motion to Withdraw (CR05-04013, docket no. 30), based on a conflict of interest. Judge Zoss granted the Motion to Withdraw on July 29, 2005. *See*, CR05-04013, docket nos. 33. By Order (CR05-04013, docket no. 34), of July 29, 2005, Judge Zoss appointed new counsel to represent Jacobo. Thereafter, Jacobo appeared before Judge Zoss on February 15, 2006, to change his plea to guilty. *See* CR05-04013, docket no. 56.

Judge Zoss filed a Report and Recommendation to Accept Guilty Plea (CR05-04013, docket no. 58) on February 15, 2006. By Order (CR05-04013, docket no. 59) of February 15, 2006, the undersigned accepted the Report And Recommendation, thereby accepting Jacobo's plea of guilty. Jacobo appeared before the undersigned and was sentenced on May 10, 2006. *See* CR05-04013, docket no. 61. Jacobo was sentenced to 240 months imprisonment. *See* CR05-04013, docket no. 62. Jacobo did not appeal his conviction or sentence.

### B. Section 2255 Motion

On May 7, 2007 Jacobo filed this *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1) ("Motion"). Jacobo claims that both of the attorneys representing him as trial counsel, provided him with ineffective assistance of counsel. The prosecution denies that Jacobo is entitled to any relief on these claims. The prosecution filed a Response (docket no. 5) on August 3, 2007, and Jacobo filed a Reply (docket no. 6) on August 29, 2007.

### II. LEGAL ANALYSIS
### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Jacobo's claims, in light of the evidence in the

3

record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson*

4

*v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir.

2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Jacobo's claims for § 2255 relief.

## B. Preliminary Matters

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Jacobo's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Jacobo's allegations cannot be accepted as true because they are contradicted by the record.

Some of Jacobo's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial

or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Jacobo can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Jacobo's claims for § 2255 relief.

### C. *Ineffective Assistance Of Counsel*
#### 1. *Applicable Standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of

7

ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Jacobo is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There

8

are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing Pryor v. Norris, 103 F.3d 710 (8th Cir. 1997)).

2. ***Failure to File Appeal.***

9

Jacobo claims that he asked his second trial counsel to file an appeal on his behalf. Motion at 6. The prosecution argues that Jacobo's bare assertion that he asked his counsel to file and appeal is insufficient and is further rebutted by his counsel's affidavit affirmatively stating that Jacobo never asked him to file an appeal on his behalf. (Response at 9).

"Where an attorney disregards specific instructions from a defendant to file a notice of appeal, he 'acts in a manner that is professionally unreasonable.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). However, a "bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger v. United States*, 204 F.3d 11890, 1181-82 (8th Cir. 2000)). Here, Jacobo offers a bare assertion that he asked his counsel to file an appeal, but his counsel has proffered conflicting testimony in his affidavit. Jacobo offers no evidence to support his claim other than his self-serving testimony and, therefore, the undersigned finds that the statement of Jacobo's counsel is more credible and Jacobo's claim must fail because his counsel's performance was not deficient. *See Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

### 3. *Failure To Adequately Advise*

Jacobo appears to claim that his initial trial counsel provided ineffective assistance of counsel by failing to properly advise him regarding his plea agreement both as to what would be required of him at the plea hearing and as to the fact that he would be "rejecting" or would lose the benefit of the plea agreement if he failed to plead guilty at the initial plea

10

hearing. *See* Motion.

The prosecution asserts that Jacobo was fully advised by the court, after an on the record discussion with the prosecution, that if he failed to plead guilty during the initial plea hearing, he would lose the benefit of the plea agreement. (Response at 11-12). Further, with regard to Jacobo's allegation that his attorney had not explained to him what would be required at the plea hearing, the prosecution points to the affidavit of counsel that she spent at least three hours discussing the plea offer with Jacobo, including two hours on the day of the initial plea hearing. (Response, Ex.4 at 1-2).

The undersigned does not find Jacobo's claim that his attorney did not tell him that he would need to admit that he knew about the amount of methamphetamine in the car he was driving to be credible. First, his attorney states that she spent at least three hours discussing the Plea Agreement with him. (Response, Ex. 4 at 1-2). Second, paragraph 18 of the Plea Agreement (Response, Ex.1 at 5) clearly contains Jacobo's initials indicating that he stipulated to the facts that established the factual basis for his plea, including the facts that he subsequently refused to admit during his plea hearing, specifically that he knew that he was in possession of more than 500 grams of methamphetamine. Jacobo has not established that his counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). He has not offered sufficient evidence to rebut the presumption that his counsel's conduct "fall within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Jacobo's claim that his counsel provided ineffective assistance of counsel by failing to sufficiently explain the terms of the Plea Agreement and to adequately advise him regarding what would be required of him at the plea hearing, must therefore fail.

Jacobo appears also to argue that his initial trial counsel provided ineffective assistance of counsel by failing to adequately advise him regarding the fact that he would lose the benefit of the plea agreement if he failed to plead guilty during the initial plea hearing. The record, however, supports a finding that his initial trial counsel did inform Jacobo of the consequences of not initially pleading guilty. Again, trial counsel's affidavit states that the Plea Agreement had a definite deadline, that she spent hours discussing the plea agreement with Jacobo, and that "Mr. Jacobo was made aware before and during the plea hearing both off and on the record that if he didn't enter his plea, it would be withdrawn and would not be offered again." (Response, Ex. 4 at 1-2). Given the record, this court does not believe that Jacobo has established that his counsel's performance was deficient.

Even if this court were to find that the performance of trial counsel was deficient in this regard, and it does not, the court is not satisfied that Jacobo can demonstrate that he was prejudiced by counsel's performance. In order to establish prejudice, Jacobo must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). In this case, the record is clear that regardless of the advice Jacobo did or did not receive from counsel, the court made it very

clear that if he did not enter his plea during the first plea hearing, he would lose the benefit of the Plea Agreement. (docket no. 37, at 4, 8-9, 11-12). Since Jacobo received, from the court, the advice he complains that he did not receive from his counsel, and he still did not go forward with the plea, he cannot establish that he would have gone forward with the plea if he had received the same information from his counsel. Because he cannot establish that the result of the proceeding would have been any different, he cannot establish prejudice and his claim must fail on these grounds.

### D. *Certificate Of Appealability*

Denial of Jacobo's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court

could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Jacobo has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Jacobo's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Jacobo does not

make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, defendant Jacobo's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 26th day of August, 2009.

*[signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA